Tetor TAFANI, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 04–3505–ag.

United States Court of Appeals, Second Circuit.

May 26, 2006.

Saul C. Brown, New York, NY, for Petitioner.

Daniel G. Bogden, United States Attorney, for the District of Nevada, Brian J. Quarles, Assistant United States Attorney, Las Vegas, NV, for Respondent.

Present JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Tetor Tafani, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Sarah M. Burr's denial of his motion to reopen proceedings and rescind his *in absentia* removal order.

We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The IJ did not abuse her discretion in denying Tafani's motion to reopen. Tafani admits that he was served with notice and that his translator informed him that he had to appear in immigration court. It is irrelevant that the certificate of service does not indicate that he was given oral notice, because written notice is sufficient notice 8 U.S.C. § 1229a(b)(5)(A).

Regardless of whether Tafani's arguments were raised to the BIA, they fail on their merits. First, Tafani offers no evidence that his translator told him the wrong date. Second, the BIA's rejection of Tafani's claim that his attorney did not effectively represent him is not unreasonable, because Tafani fails to meet the requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639, 1988 WL 235454 (BIA 1988). Tafani did not submit an affidavit setting forth the agreement with former counsel, proof that he notified former counsel of the allegations of ineffective assistance, or a statement as to whether he filed a complaint with any disciplinary authority regarding counsel's conduct. Accordingly, Tafani's ineffective assistance claim fails.

22

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).